JACQUELIN v. JACQUELIN et al.

(Supreme Court, Appellate Division, First Department. May 31, 1907.)

JUDGMENT—CONFORMITY TO FINDINGS—CONCLUSIONS OF LAW.

In an action for an interpleader, where the only issue raised by the pleadings is as to the validity of a certain assignment, and there is no finding on that issue, the validity of the assignment is not impeached. and a conclusion of law and judgment adverse to the assignee cannot be sustained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 447.]

Appeal from Special Term, New York County.

Action by John H. Jacquelin, trustee, etc., for an interpleader between Henri L. Jacquelin and others. On an appeal, judgment reversed, and cause remanded.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and LAMBERT, JJ.

Robert L. Redfield and John L. Hill, for appellants.

David C. Hirsch, for respondent.

SCOTT, J. In this action for an interpleader, the only controversy is between the defendants J. Charles Walton and Minnie A. Jacquelin, who both claim a fund held by plaintiff as trustee for Henri L. Jacquelin. As the foundation of his claim Walton sets up an assignment made to him by Henri L. Jacquelin on June 1, 1888. Minnie A. Jacquelin does not deny the assignment, but, on the contrary, admits that after contracting the debt on which her judgment rests Henri L. Jacquelin made what she terms a "pretended" assignment to Walton, and then she alleges that such assignment was fraudulent and void, because made to hinder, delay, and defraud her, and fictitious, and that in fact no indebtedness existed, but was inserted therein for the purpose of cheating and defrauding her; that no notice of the pretended assignment was given to the trustee until after the recovery of the judgment; and that Henri L. Jacquelin had no other property, except that embraced in the pretended assignment, out of which her judgment can be satisfied. She sets up her judgment, recovered in March, 1905, and asks that the pretended assignment be declared fraudulent and void as against her, and that the money in dispute be paid to her. Thus by the pleadings it stands admitted that Henri L. Jacquelin made an assignment of the fund to the defendant Walton in 1888, and that Minnie A. Jacquelin recovered a judgment against Henri L. Jacquelin

in 1905. The only issues presented for trial were those tendered by Minnie A. Jacquelin attacking the validity of the assignment.

The appeal comes to us upon the pleadings, the decision, and the judgment; there being no case on appeal and none of the evidence. There is also printed in the appeal book a document, consisting of some 30 requests to find, submitted by the defendant Walton, of which a few are marked "Found," and the majority are marked "Not found." None of these can be considered, because these requests marked "Found" have not been incorporated into the signed decision, and the exceptions to the refusal to find the others raise no question in the absence of the testimony. The decision merely finds the facts relating to the existence of the fund; that it is claimed by Henri L. Jacquelin, Minnie A. Jacquelin, and J. Charles Walton; and that Minnie A. Jacquelin is a judgment creditor of Henri L. Jacquelin by virtue of a judgment, no part of which has been paid, and upon which execution has been issued and returned unsatisfied. The conclusion of law based upon these findings is that Minnie A. Jacquelin is entitled to receive and have paid to her the amount of the fund, free from any claims or demand of Henri L. Jacquelin or J. Charles Walton, and that neither said Jacquelin nor said Walton have any claims on or title to the fund or any part thereof, and judgment is awarded, and was entered accordingly.

The question is whether this conclusion of law is sustained by the admitted facts and the findings of fact. It is apparent that it is not. One of the admitted facts, which required no evidence to support it, and no finding to establish it, was that Henri L. Jacquelin had assigned the fund to J. Charles Walton long before Minnie A. Jacquelin recovered her judgment. Upon the only issues raised by the pleadings, to wit, the validity of the assignment as against Minnie A. Jacquelin, there is no finding at all, and there is therefore nothing on the record to impeach its validity. It follows that the conclusions of law and the judgment are contrary to the established and uncontradicted facts.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.